## THE THOMAS HILYARD.

### TUTTLE et al. v. THE THOMAS HILYARD.

(District Court, E. D. New York. March 7, 1893.)

**SALVAGE—TOWING BURNING LIGHTER FROM VESSEL AT WHARF—SERVICE TO LATTER.**
    While certain tugs were towing a burning lighter out of a slip, the lighter came in contact with the side of a ship, also lying in the slip. The lighter having been towed away from the slip by the tugs, this suit was brought against the ship on the ground that the removal of the burning lighter from proximity with the ship was a salvage service to the latter. *Held*, that the ship was in no substantial danger, as the lighter was at the time in charge of salvors, who were entirely competent to remove

ßer before fire could catch on the ship; and also the removal of the lighter was a necessary part of the salvage service which the tugs were rendering to the lighter, and for which they had instituted suits against the lighter. The libel was therefore dismissed.

In Admiralty. Libel for salvage. Dismissed.

Stewart & Macklin, for libelants.

Wing, Shoudy & Putnam, for claimants.

BENEDICT, District Judge. This is an action instituted by the owners and crew of the steamtug Philip Hoffman, and the owners and crew of the steam lighter Josephine B., and the owners and crew of the steamtug Jas. T. Easton, to recover salvage compensation for services rendered to the ship Thomas Hilyard. The facts are these: The Thomas Hilyard was lying at a pier at Harbeck Stores on the south side of the pier, bow in, when a lighter lying at the bulkhead, and having on board over 400 bales of cotton, caught fire. The tug Philip Hoffman and the tug Sadie E. Ellis and the tug Josephine B. commenced to tow the blazing lighter. As the lighter was moving, her guy rope caught upon the ship, and she was held close to the ship for a few moments. After being towed free from that position, the lighter again came in contact with the quarter of the ship. Being towed free from this position, she passed on. The claim of the libelants is that the ship was in great peril of catching fire from the burning lighter while alongside of her, and, inasmuch as the lighter was towed away from the ship by these tugs, they are entitled to be paid a salvage compensation by the ship.

Assuming that it was not by the fault of any of the tugs represented in this proceeding that the lighter came in contact with the ship, and assuming that the ship would have been set on fire by the lighter if the lighter had not been promptly removed from the side of the ship, yet I am of the opinion that the ship was in no substantial danger, because the lighter was at the time in charge of salvors who, as the result shows, were entirely competent to remove the lighter before fire could catch the ship. Moreover, the lighter, at the time she was in contact with the ship, was being towed by these salvors. The removal of the lighter from alongside the ship was a part, and a necessary part, of a salvage service which the tugs were engaged in rendering to the lighter, for which service they have sued the lighter. Under such circumstances, I am of the opinion that they are not entitled to claim salvage from the ship.

Let the libel be dismissed, but without costs.